No. 2426.—JOHN FALCONER *v.* KATE G. STAPLETON.

The authorization by the judge, of a married woman to borrow money and mortgage her separate property therefor, under the provisions of the act of fifteenth of March, 1855, must be given before the debt is contracted or the mortgage is given.

APPEAL from the Fourth District Court, parish of Orleans. *Théard, J. W. B. Koontz* and *John F. Elliott,* for plaintiff. *L. E. Simonds,* for defendant and appellee.

TALIAFERRO, J. The plaintiff appeals from the judgment perpetuating the injunction sued out by the defendant, a married woman, to restrain the executory process obtained by the former on the mortgage note of the latter for $10,000.

The defendant, in her petition for injunction, alleges that she is a married woman, the wife of Edward Stapleton; that there was no consideration for the mortgage sought to be enforced against her property; that plaintiff did not, in fact, loan or furnish her any money; and that if any debt was due the plaintiff at the time of executing the mortgage, it was due by her husband and not by her.

The testimony of the defendant, who was a witness in the case, fully sustains her allegations, and the plaintiff offered no evidence to contradict it.

But the plaintiff contends that the mortgage was executed with the authorization of the judge in conformity with the act of the fifteenth March, 1855, and it need not be shown that the debt secured by the mortgage inured to the benefit of the defendant.

It is not stated in the act of mortgage that the defendant was authorized by the judge, under the statute referred to, to contract the debt.

The debt was contracted and the mortgage executed on the sixteenth of November, 1866. On the seventeenth of November, 1866, the judge gave his certificate, authorizing the defendant to borrow $10,000, and, "with the authorization of her husband, to hypothecate or mortgage her separate property for the purpose of borrowing said sum of ten thousand dollars."

The issue is correctly stated in the brief of the defendant's counsel. It is: When the defendant executed the mortgage had she the required authorization of the judge? Did the plaintiff lend the defendant ten thousand dollars, or any other sum, after the judge's authorization to contract the debt? From the evidence we are constrained to answer both of these propositions in the negative.

The validity of the mortgage of the sixteenth of November, 1866, depends upon the authority of the defendant at the time to contract the debt. It can not be strengthened by the authority of the judge, given on the seventeenth of November, 1866. He authorized a debt to be contracted. The one already contracted was not authorized by the judge in pursuance of the act of 1855.

But the plaintiff contends that this difference in the date of the act of mortgage and the certificate of the authorization of the judge is a mere clerical error. This statement contradicts the plaintiff's admission in the record. He admitted on the trial that the mortgage he seeks to enforce was executed on the sixteenth of November, 1866, and that the judge's authorization was given on the seventeenth of the same month. The fact is also shown by other evidence.

Having failed to show that the debt inured to the benefit of the defendant, and the evidence showing otherwise, the plaintiff ought not to recover, the mortgage not having been executed with the authorization of the judge in conformity with act fifteenth of March, 1855.

Judgment affirmed.

Rehearing refused.